IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| HEATHER M. NORMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:10-cv-00045 |
| DOLLAR GENERAL CORPORATION, | ) Judge Haynes |
| Defendant. | ) Magistrate Judge Bryant |

**INITIAL CASE MANAGEMENT ORDER**

The Initial Case Management Conference in this matter was held before the Court on August 3, 2010. Pursuant to Local Rule 16.01(d), the Initial Case Management Order is entered as follows:

**I.    Jurisdiction and Venue**

The court has jurisdiction pursuant to 28 U.S.C. § 1331. There is no dispute as to jurisdiction.

**II.   Theories of the Case**

a.    Plaintiff's theory of the case:

Plaintiff is married to an African American male. On or about July 26, 2009, after one of Defendant's retail stores was robbed by African Americans, store management actively discriminated against African Americans seeking employment and otherwise. Plaintiff, who was pregnant at the time, challenged these discriminatory acts and actions to her supervisors. As a result, defendant discriminated against her in terms of hour and other terms and conditions of employment and reported false information regarding the Plaintiff or her spouse.

b. Defendant's theory of the case:

Defendant denies Plaintiff has been subjected to discrimination on the basis of her alleged association with an individual in a protected class—or on any other basis. Defendant further denies that Plaintiff has been subjected to retaliation. Plaintiff has not been subjected to any adverse employment action.

### III. Schedule of Pretrial Proceedings

a. <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

b. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

One-Hundred Twenty (120) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving the matter.

c. <u>Other Pretrial Discovery Matters</u>

As determined at the case management conference on August 3, 2010, this action is set for a jury trial on (to be set by separate order), at _____. If this action is to be settled, the Law Clerk shall be notified by noon on _____. If the settlement is reached

2

Case 1:10-cv-00045   Document 16   Filed 09/16/10   Page 2 of 6 PageID #: 57

thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held (to be set by separate order) at _____. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on April 1, 2011. All written discovery shall be submitted in sufficient time so that the response shall be in hand by April 1, 2011. All discovery related statements shall be filed by the close of business on May 1, 2010. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and <u>Daubert</u> motions shall be filed by the close of business on June 1, 2011, and any response thereto shall be filed by the close of business on June 20, 2011. Any reply shall be filed by the close of business on June 30, 2011.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending dispositions of any motions.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required by Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of court, shall govern.

By the close of business on May 1, 2011, the plaintiff shall declare to the defendant (not to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on June 1, 2011, the defendant shall declare to the plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on June 30, 2011. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert.

In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(A)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply in this case. Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard-copy form, or, where the documents are voluminous, by making them available in paper form for inspection and review at an agreeable time and place. The parties have represented that they have taken reasonable measures to preserve potentially discoverable information. The parties agree that discovery will not be unduly burdensome and will not impose unduly expensive costs on either side, and that discovery will be limited to data reasonably available under the circumstances to the parties in the ordinary course of business. The parties agree that discovery will be reasonable and will be limited to matters that are relevant to claims/defenses raised or likely to lead to the discovery of claims/defenses raised.

It is so **ORDERED**.

**ENTERED** this the16th day of Sepember, 2010.

*s/ John S. Bryant*
_____
JOHN S. BRYANT
United States Magistrate Judge

**APPROVED FOR ENTRY:**

s/Perry A. Craft
Perry A. Craft, BPR # 6056
CRAFT & SHEPPARD, PLC
1604 Westgate Circle, Suite 1
Brentwood, TN 37027
Telephone: (615) 309-1707
Facsimile: (615) 309-1717

Attorney for Plaintiff Heather M. Norman


s/ Keith D. Frazier
Keith D. Frazier, TN Bar No. 012413
Wendy V. Miller, TN Bar No. 023500
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
Telephone:  615.254.1900
Facsimile:  615.254.1908

Attorneys for Defendant Dolgencorp, LLC


9056547.1 (OGLETREE)